**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-1838

PREMIER COMP SOLUTIONS, LLC,
                                                          Appellant

v.

UPMC, a Pennsylvania nonprofit non-stock corporation;
UPMC BENEFITS MANAGEMENT SERVICES, INC.,
doing business as UPMC WORKPARTNERS;
UPMC HEALTH BENEFITS, INC., doing business as
UPMC WORKPARTNERS; MCMC LLC,
a wholly-owned subsidiary of York Risk Management

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cv-00703)
District Judge: Honorable David S. Cercone

Submitted under Third Circuit L.A.R 34.1(a)
March 2, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Filed: August 12, 2020)

Jeffrey S. Jacobovitz
Arnall Golden & Gregory
1775 Pennsylvania Avenue, N.W.
Suite 1000
Washington, DC 20006

Stanley M. Stein
Stanley M. Stein
445 Fort Pitt Boulevard
Suite 150
Pittsburgh, PA 15219
  *Attorneys for Appellant Premier Comp Solutions, LLC*

Richard B. Dagen
Daniel K. Oakes
Thomas G. Rohback
Axinn Veltrop & Harkrider
950 F Street, N.Q.
7th Floor
Washington, DC 20004

Peter S. Wolff
Pietragallo Gordon Alfano Bosick & Raspanti
301 Grant Street
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
  *Attorneys for Appellees UPMC, UPMC Benefits Management Services, Inc, and UPMC Health Benefits Inc*

Paul S. Mazeski
Curtis M. Schaffner
Buchanan Ingersoll & Rooney
501 Grant Street
One Oxford Centre, Suite 200
Pittsburgh, PA 15219
     *Attorneys for Appellee MCMC LLC*

---

OPINION OF THE COURT

---

HARDIMAN, *Circuit Judge*.

This appeal implicates a district court's discretion to manage its docket. Well after the deadline the District Court set in a scheduling order, Plaintiff Premier Comp Solutions, LLC, moved to amend its complaint and add a party. In support, Premier cited the liberal standard of Rule 15 of the Federal Rules of Civil Procedure. The Court denied the motion, reasoning that because the deadline had passed, Rule 16(b)(4) required Premier to show good cause. Premier appeals the Court's order denying its motion. We will affirm because Rule 16(b)(4) applies once a scheduling-order deadline has passed, and Premier did not show good cause.

I

Premier sued UPMC WorkPartners and MCMC LLC, alleging federal antitrust and state unfair competition claims. The District Court issued a Case Management Order (CMO) on February 22, 2016, stating that "[t]he parties shall move to

amend the pleadings or add new parties by June 22, 2016." App. 246. On the day of the deadline, Premier requested an extension. The Court agreed and set a new deadline for thirty days after UPMC responded to Premier's discovery requests. Because UPMC finished responding to those requests on October 14, 2016, the new deadline became November 13, 2016.

November 13 passed without Premier requesting another extension. Months later, on March 7, 2017, Premier deposed a UPMC employee who, according to Premier, testified to facts suggesting UPMC and York Risk Management Group had entered into an illegal bid-rigging agreement. It moved to file a second amended complaint asserting a new antitrust count and adding York as a defendant. In its brief, Premier asked the District Court to apply Rule 15(a) of the Federal Rules of Civil Procedure, which states that courts should "freely give[] [leave to amend] when justice so requires." App. 563. Premier did not mention Rule 16(b)(4), which says a CMO "may be modified only for good cause and with the judge's consent."

UPMC countered that Premier's motion "relie[d] on the wrong rule" and failed to show diligence, App. 630–31, which we have recognized as relevant to a district court's determination of "good cause" under Rule 16(b)(4), *see, e.g.*, *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84–85 (3d Cir. 2010) (deciding a district court "properly denied leave to amend" after plaintiff moved to amend after the CMO deadline and failed to show "due diligence"). In reply, Premier conceded that Rule 16(b)(4) applied and argued for the first time that it had been diligent. Premier did not dispute that diligence was relevant to the Court's good-cause determination under Rule 16(b)(4).

The District Court denied Premier's motion. It noted Premier failed "to even discuss due diligence, relying instead on Rule 15(a)." App. 3. Thus, Premier "utterly fail[ed] to establish good cause" under Rule 16(b)(4). *Id.* Premier moved for reconsideration, arguing that while it "initially rel[ied] solely on the liberal leave to amend standard of Rule 15(a)," its "subsequent reply briefs . . . discuss the Rule 16(b)(4) 'good cause' standard and [Premier's] due diligence in depth." App. 1185. The Court denied reconsideration. It explained it would not consider "issues raised by [Premier] for the first time in its reply brief." App. 1266. UPMC and MCMC later moved for summary judgment, which the Court granted. Premier appeals the Court's order denying its motion to amend.

II

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the order denying Premier's motion to amend. *Race Tires*, 614 F.3d at 84.

Before addressing Premier's arguments on appeal, we take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.[1]

---

[1] This interpretation is consistent with all of our sister circuits that have addressed the issue. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th

Premier makes two arguments on appeal: (1) Rule 16(b)(4)'s "good cause" standard does not require a party to show diligence; and (2) if such a showing is required, its reply brief sufficed. Neither argument supports reversal of the District Court's order.

Premier failed to present the first argument to the District Court and so forfeited it on appeal. App. 814–35, 1185–89, 1258–65; *see In Re: J & S Props., LLC*, 872 F.3d 138, 146 (3d Cir. 2017) (citing *United States v. Joseph*, 730 F.3d 336, 341–42 (3d Cir. 2013)) (explaining arguments not raised in the district court are forfeited on appeal). Regardless, we have repeatedly recognized—and we reaffirm today—that whether "good cause" exists under Rule 16(b)(4) depends in part on a plaintiff's diligence. *See Race Tires*, 614 F.3d at 84–85; *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

As for Premier's second argument, the Court did not abuse its discretion in ignoring Premier's attempt to address Rule 16(b)(4)'s "good cause" standard. In its motion, Premier relied solely on Rule 15(a); it did not address Rule 16(b)(4)

---

Cir. 2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154–55 (1st Cir. 2004); *Leary v. Daeschner*, 349 F.3d 888, 906, 909 (6th Cir. 2003); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

except in reply to UPMC. So the District Court was entitled to find Premier forfeited its argument under Rule 16(b)(4). *See, e.g.*, *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *cf. Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 388 (3d Cir. 1993) ("The district court properly exercised its discretion and refused to consider contentions first addressed in [a] sur reply memorandum.") (citation omitted).

\* \* \*

For the reasons stated, we will affirm the District Court's order denying Premier's motion to amend and add a new party.